IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANDREW HINERMAN | CIVIL ACTION |
|---|---|
| v. | NO. 21-5200 |
| TRIDENT MORTGAGE COMPANY LP et al. | |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND**

**Baylson, J.**                                                                                                               **January 27, 2022**

Plaintiff Andrew Hinerman has filed a Motion to Remand (ECF 2) in this case arising from the alleged mortgage practices of Defendants Trident Mortgage Company LP, CMC Funding Inc., and Specialized Loan Servicing LLC. Plaintiff contends that the action should be remanded to Pennsylvania state court because he lacks standing in federal court. For the reasons that follow, the Court will deny Plaintiff's Motion.

**I.      Background**

Plaintiff is a Pennsylvania resident who acquired a mortgage loan from Defendant Trident Mortgage Company LP. Defendants CMC Funding Inc. and Specialized Loan Servicing LLC are servicing agents for Hinerman's loan. (Compl. ¶¶ 1–4.) Plaintiff alleges that CMC and Specialized Loan Servicing have repeatedly failed to accurately account for Hinerman's loan payments, causing Hinerman considerable distress and frustration. (Compl. ¶¶ 7–25.)

Seeking to certify a class of mortgage loan borrowers who have had similar experiences with Trident Mortgage, CMC, and/or Specialized Loan Servicing, Plaintiff filed this putative class action in Pennsylvania state court. Defendant Trident Mortgage removed the action to federal court on November 24, 2021 (ECF 1). Plaintiff moved to remand the case to state court. Defendant Trident Mortgage filed a Response (ECF 9), and Plaintiff filed a Reply (ECF 11).

**II.     Legal Standard**

Under 28 U.S.C. § 1441(a), a civil action filed in state court may be properly removed to federal court if the federal court would have had original subject-matter jurisdiction over the action. One requirement for a federal court to have subject-matter jurisdiction over a case is that the plaintiff bringing the action must have standing under Article III of the United States Constitution. To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Ellison v. Am. Bd. of Orthopaedic Surgery, 11 F.4th 200, 205 (3d Cir. 2021) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). For a plaintiff to have standing, the injury in fact must be a concrete, particularized, and actual or imminent "invasion of a legally protected interest." Id. (quoting Spokeo, 578 U.S. at 339).

**III.    Discussion**

Plaintiff asserts that he has not alleged an injury in fact and that he therefore lacks federal standing. (Pl.'s Br. 3–4.) Plaintiff argues that because both his claims are for violation of a federal statute, and because he seeks to recover statutory damages pursuant to those statutes, he has not actually alleged that he suffered any injury in fact. (Id.)

However, Plaintiff's Complaint plainly states that he "has suffered damages including but not limited to emotional distress and anxiety, as well as frustration, aggravation, and lost time and energy to attempt to understand and correct Defendants' accounting errors and misrepresentations." (Compl. ¶ 25.) This is an injury in fact. That Defendants also allegedly violated federal statutes in injuring Plaintiff does not change this. Not does the fact that Plaintiff is seeking only statutory damages bear on this issue. Because Plaintiff indeed has standing in

federal court in this case arising under federal law, the Court finds that it has subject-matter jurisdiction over this action.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Remand. An appropriate Order follows.

O:\CIVIL 21\21-5200 Hinerman v. Trident Mortgage Company\21cv5200 Memorandum re Motion to Remand.docx

federal court in this case arising under federal law, the Court finds that it has subject-matter jurisdiction over this action.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Remand. An appropriate Order follows.

O:\CIVIL 21\21-5200 Hinerman v. Trident Mortgage Company\21cv5200 Memorandum re Motion to Remand.docx